**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONNIE VERDIN, KEITH VERDIN,** :
**MADELINE VERDIN MADERE, FAYE VERDIN** :
**MAGANA, PHILLIPS VERDIN, and** :
**BRUCE VERDIN, Individually and as** :
**Representatives of the Estate of Charles Verdin** :   **CIVIL ACTION**
           **Plaintiffs** :
 :   **NUMBER**
**VERSUS** :
 :   **SECTION**
**GREG CHAMPAGNE, Sheriff, Parish of St. Charles,** :
**JOHN DOE(S)** :
 :
 :
           **Defendants** :
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, CONNIE VERDIN, KEITH VERDIN, MADELINE VERDIN MADERE, FAYE VERDIN MAGANA, PHILLIPS VERDIN, and BRUCE VERDIN, individually and as Representatives of the Estate of Charles Verdin, appearing through undersigned counsel, and respectfully represent that:

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. §§ 1983.   This action is further instituted pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  Supplemental  jurisdiction is invoked as to matters cognizable under the Constitution and laws of the State of Louisiana, particularly, but not exclusively, LSA-C.C. arts. 2315, 2316 and 2320.

1

**PARTIES**

2.     Plaintiffs herein are:

     a.     CONNIE VERDIN, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana.   She is the sister of the deceased, CHARLES VERDIN; and

     b.     KEITH VERDIN, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana. He is the brother of the deceased, CHARLES VERDIN.

     c.     MADELINE VERDIN MADERE, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana. She is the sister of the deceased, CHARLES VERDIN.

     d.     FAYE VERDIN MAGANA, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana. She is the sister of the deceased, CHARLES VERDIN.

     e.     PHILLIPS VERDIN, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana. He is the brother of the deceased, CHARLES VERDIN.

     f.     BRUCE VERDIN, a person of full age of majority and domiciled in the Parish of St. Charles, State of Louisiana. He is the brother of the deceased, CHARLES VERDIN.

     g.     THE ESTATE OF CHARLES VERDIN.

3.     Defendants herein are:

2

a.    GREG CHAMPAGNE, the duly elected sheriff of the Parish of St. Charles, State of Louisiana. He is the official "policymaker" for the St. Charles Parish Sheriff's Office, and the employer of the other named Defendants. He is sued in his official capacity.

b.    JOHN DOE(S), unknown but identifiable, person(s) of full age of majority and, at all times relevant hereto, was employed by Defendant, GREG CHAMPAGNE, in the capacity of Deputy Sheriff. They are sued in both their individual and official capacities.

**FACTS AND FIRST CAUSE OF ACTION**

4.    On September 26, 2024, at approximately 7:45 a.m.., Charles Verdin, was in the area of Nicholas Street near River Road in Hahnville, Louisiana.

5.    A resident called 911 alleging that Charles Verdin was walking down the street with a firearm.

6.    Deputies from the St. Charles Parish Sheriff responded to the call and found Charles Verdin in his van which was parked off Nicholas Street. Upon information and belief when the deputies arrived, they did not observe a firearm nor was Charles Verdin actively threatening anyone with a firearm.

7.    Deputies allegedly surrounded the van which Charles Verdin occupied and for an undermined amount of time and ordered him out of the van.

8.    When Charles Verdin did not comply with the deputies' commands three unknown deputies opened fire, firing approximately 30 to 40 rounds at Charles Verdin.

9.    Charles Verdin was struck multiple times by the rounds fired by the three unknown deputies.

10.     Charles Verdin succumbed to his wounds and died at the scene.

11.     Following the shooting of Charles Verdin, it was quickly determined that the firearm reported in the 911 call was not a firearm but an airsoft gun. Photos of the airsoft gun taken following the shooting show that it was equipped with a red tip that was clearly visible, indicating that it was not a real weapon.

12.     The presence of the red tip should have alerted trained law enforcement officers that the airsoft gun was not a real firearm.

13. The actions of Defendant John Doe(s) in shooting Charles Verdin multiple times constituted an excessive use of force with was objectively unreasonable under the totality of the circumstances.

### FACTS AND SECOND CAUSE OF ACTION

14.     Plaintiffs adopt and incorporate by reference the facts and allegations contained in Paragraphs 1 through 13.

15.     Plaintiffs will show that at all times material hereto Defendant John Doe(s) actions on the occasion in question were wrongful, malicious and reckless in depriving Charles Verdin of his constitutional rights, as alleged more fully below.

16.     Plaintiffs will show that at all times material hereto Defendant John Doe(s), had a duty to avoid infliction of unjustified bodily injury to Charles Verdin, to protect his bodily integrity and to not trample his constitutional rights.

17.     Plaintiffs will show that Defendant John Doe(s), failed to act as reasonable officers would have acted in the same or similar circumstances. That is Defendant John Doe(s), without justification and the need to do so used excessive and deadly force as described above and killed Charles Verdin without legal justification. Charles Verdin did not make any threatening gestures

toward Defendant John Doe(s) and did not pose an immediate threat to the safety of Defendant John Doe(s) as he possessed an airsoft gun marked with a red tip.

18.     Defendant John Doe(s) actions were not objectively reasonable as Charles Verdin possessed an airsoft gun equipped with a red tip indicating that it was not a firearm.

19.     As of result of these Constitutional violations to Charles Verdin resulting in his suffering and death, plaintiffs seek compensation set forth more specifically in the section of this Complaint entitled "damages"

<b><u>FACTS AND THIRD CAUSE OF ACTION</u></b>

20.     Plaintiffs incorporate by references paragraphs 1 through 19 as if fully set forth herein.

21.     Prior to September 26, 2024, the St. Charles Parish Sheriff's Office, knew or should have known of Defendant John Doe(s) lack of training as it related to dealing with the identification of firearms.

22.     Defendant John Doe(s) were acting under the color of law and acting pursuant to customs, practices, and policies of the St. Charles Parish Sheriff's Office in regard to the proper identification of firearms, and use of deadly force as authorized and/or ratified by the policymakers specifically the St. Charles Parish Sheriff's Office and Sheriff Greg Champagne.

23.     Charles Verdin was deprived of the rights and privileges secured to him by the United States Constitution and by other laws of the United States, by the St. Charles Parish Sheriff's Office and Sheriff Greg Champagne failing to provide proper training and adequate supervision in dealing with Defendant John Doe(s) in violation of 42 U.S.C. §1983 and related provisions of Federal law and in violation of the above cited constitutional provisions.

24.     With respect to the claims made the basis of this lawsuit, the St. Charles Parish

Sheriff's Office and Sheriff Greg Champagne failed to adequately train its officers on how to identify firearms and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to the rights of Charles Verdin and is actionable under 42 U.S.C. §1983.

## SURVIVAL ACTION

25.    Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

26.    Named Plaintiffs are heirs to the estate of Charles Verdin.

27.    Charles Verdin died as a result of the Defendants' wrongful conduct.

28.    Charles Verdin would have been entitled to bring this action against the Defendants is he had survived.

29.    Charles Verdin suffered from his injuries prior to his death, he was fully aware of the gravity of his condition and aware of his potential death.

30.    Charles Verdin experienced conscious intense pain and suffering, emotional distress, and the abject fear of death.

31.    Charles Verdin's right of action against the Defendants for their actions survives in favor of his heirs.

32.    Defendants are liable to Plaintiffs for the loss of Charles Verdin's life, pain and suffering and the violation of his civil rights.

## WRONGFUL DEATH

33.    Plaintiffs incorporate by reference paragraphs 1 through 32 as if fully set forth herein.

34.    By reason of Defendants' wrongful conduct of the killing of Charles Verdin without

6

the threat of imminent death or seriously bodily harm, Defendants are liable for damages.

## DAMAGES

35.     Plaintiffs incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

36.     Defendants' acts and/or omissions were the proximate cause of the following injured suffered. Plaintiff further avers that the Defendants' conduct was unconscionable and goes beyond ordinary negligence and should result in the award of punitive damages.

37.     Plaintiffs seek damages for each, and every injury outlined herein:

    a.     Charles Verdin's pain and suffering prior to his death;

    b.     Charles Verdin's mental anguish and anxiety prior to his death;

    c.     Petitioners' loss of love, affection, society, consortium and services;

    d.     Petitioners' mental anguish and anxiety;

    e.     Loss of enjoyment of life;

    f.     Loss of income;

    g.     Loss of support;

    h.     Funeral and burial expenses;

    i.     Exemplary and punitive damages;

    j.     And any and all other damages which may or will be proven at the trial of this matter.

## TRIAL BY JURY

38.     Plaintiffs request a jury trial.

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and the Complaint, that they be served with copies of the same and that after all due proceedings and legal

delays, there be judgment against the Defendants jointly, severally and *in solido* in favor of Plaintiffs with interest thereon from the date of judicial demand and for reasonable attorney fees, for all costs of these proceedings and for all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

RESPECTFULLY SUBMITTED,

/s/Patrick J. Eskew_____
LAWRENCE BLAKE JONES (7495)
PATRICK J. ESKEW        (33815)
BLAKE JONES LAW FIRM, LLC
701 Poydras St., Suite 4100
New Orleans, Louisiana   70139
Telephone:   (504) 525-4361
Facsimile:   (504) 525-4380
pje@nola-law.com
jones@nola-lw.com

and

RHETT E. KING (#23811)
Strauss & King, APLC
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
(504) 523-0033 (telephone)
(504) 523-0109 (facsimile)
rhettking@straussandking.com