**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CONNIE VERDIN ET AL** | **CIVIL ACTION** |
| **V.** | **NO: 25-1978** |
| **GREG CHAMPAGNE ET AL** | **SECTION: C (3)** |

**ORDER AND REASONS**

Before the Court is a <u>Motion to Dismiss Fed. Civ. Proc. Rule 12B(6)</u> filed by defendant, St. Charles Parish Sheriff Greg Champagne, on October 22, 2025 (Rec. Doc. 5).  The motion is GRANTED.

BACKGROUND

Plaintiffs, the family members and estate of Charles Verdin, filed a complaint against St. Charles Parish Sheriff Greg Champagne and unidentified individuals, making both state-law claims for survival and wrongful death and claims under 42 U.S.C. § 1983, all arising from the shooting death of Charles Verdin.[1] The complaint makes the following allegations: On September 26, 2024, a resident called 911 and said Verdin was walking down the street in Hahnville, Louisiana with a firearm.[2]  St. Charles Parish Sheriff deputies responded and found

---

[1]    R. Doc. 1 at ¶¶ 4-13.
[2]    *Id.* at ¶¶ 4-5.

Verdin in his van.[3]  The deputies observed Verdin neither with a firearm nor actively threatening anyone with a firearm.[4]  The deputies surrounded Verdin's van and ordered him out.[5]  Verdin did not comply. Then, three deputies fired approximately 30 to 40 rounds at Verdin, killing him.[6]  The reported "firearm" was actually an airsoft gun equipped with a visible red tip.[7]  The presence of the red tip should have alerted adequately trained law enforcement that the airsoft gun was not a firearm.[8]

Plaintiffs sued claiming excessive force, constitutional violations resulting in suffering and death, failure to train and adequately supervise, and survival and wrongful death actions.  Plaintiffs seek recovery for Verdin's pain and suffering, mental anguish and anxiety, loss of enjoyment of life, loss of income, funeral and burial expenses, exemplary and punitive damages, and loss of love, affection, society, consortium, and services.[9]

Champagne moves to dismiss select claims for failure to state a claim upon which relief can be granted.[10]

---

[3]   *Id.* at ¶ 6.
[4]   *Id.*
[5]   *Id.* at ¶ 7.
[6]   *Id.* at ¶¶ 8, 10.
[7]   *Id.* at ¶ 11.
[8]   *Id.* at ¶ 12.
[9]   R. Doc. 1, at 7.
[10]  R. Doc. 5.

ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, the court should confine itself to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v.*

*Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013).  The court "may also consider matters of which [it] may take judicial notice."  *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

While detailed factual allegations are not required, a complaint must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

### *42 U.S.C. § 1983 Claims*

Plaintiffs assert two theories under Section 1983: 1) a municipal policy or custom caused the alleged constitutional deprivation, and; 2) a failure to train or adequately supervise caused the alleged constitutional deprivation.  When sued in their official capacity, government actors represent their municipality. *Mitchell v.*

4

*City of New Orleans*, 184 F.Supp.3d 360, 370 (E.D. La. May 2, 2016); *Victoria W. v. Larpenter*, 205 F.Supp.2d 580, 586 (E.D. La. May 21, 2002).   To establish municipal policy or practice liability under Section 1983, a plaintiff must show: (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.  *Vardeman v. City of Houston*, 55 F.4th 1045, 1052 (5th Cir. 2022).

Plaintiffs have not pled the elements required to establish municipal policy or practice liability.  They only pled that unidentified defendant deputies acted "under the color of law" and under the customs, policies, and practices of the Sheriff's office.  That does not allege the challenged official policy, custom, or practice; that the practice was promulgated by a policymaker; or that the practice was the moving force behind the alleged violation of Verdin's rights.  Neither do plaintiffs specify what constitutional right was violated, beyond a categorical claim that Verdin was deprived "of his constitutional rights."[11] The Court grants defendant's motion to dismiss for failure to state a claim for municipal policy or practice liability under Section 1983.

Plaintiffs also allege the failure to adequately train the officers either to identify firearms or to use deadly force, and such failure reflects a "deliberate indifference" to Verdin's constitutional rights.  Failure-to-train liability requires

---

[11]      R. Doc. 1, at 4.

three elements: (1) the municipality failed to train or supervise the officers, (2) the alleged failure to supervise or train caused the alleged violation of the plaintiff's rights, and (3) the failure to train or supervised was "deliberate indifference" to the plaintiff's constitutional rights. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). On the first element, because of the high threshold for municipal fault, a pattern of similar constitutional violations is usually required. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Plaintiffs have not pled a pattern of constitutional violations.

Absent a pattern of constitutional violations, plaintiffs must plead the single-incident exception. *Burge v. St. Tammany Par.*, 336 F.3d 363, 372 (5th Cir. 2003). The single-incident exception applies to the use of deadly force. "[T]he need to train officers in the constitutional limitations on the use of deadly force … can be said to be 'so obvious,' that failure to do so could be properly characterized as deliberate indifference to constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989). The Fifth Circuit only applies the exception in cases "in which the government actor was provided no training whatsoever." *Peña*, 879 F.3d at 624. Plaintiffs have not pled the deputies were provided no training; instead, they allege the Sheriff's office failed to *adequately* train the officers.[12] That is insufficient. The

---

[12]     R. Doc. 1, at 6 (emphasis added).

failure-to-train claim is dismissed for failing to state a claim upon which relief can be granted.

### Respondeat Superior

It is unclear whether plaintiffs assert a respondeat superior argument against Champagne under Section 1983.  If so, the Supreme Court has rejected such claims "because the text of Section 1983 will not bear such a reading."  *Pitrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)).  To the extent that plaintiffs assert such claims against Champagne, the Court dismisses them for failure to state a claim upon which relief can be granted.

### State Law Claims for Survival and Wrongful Death

To the extent plaintiffs brought the state law survival and wrongful death claims as representatives of the estate of Charles Verdin and not in their individual capacities, Champagne moves for their dismissal.  Plaintiffs have now clarified that those claims are brought only in their individual capacities.[13]  Consequently, the Court dismisses the motion to dismiss those claims as moot.

### Punitive Damages

---

[13]      R. Doc. 9, at 12.

Claims for punitive damages against Champagne have been withdrawn.[14]  The Court dismisses the motion to dismiss the punitive damage claims as moot.

CONCLUSION

The motion to dismiss plaintiffs' claims against Champagne is GRANTED. LEAVE TO AMEND the complaint within twenty-one days of this order only as to the Section 1983 claims for failure-to-train and municipal policy or practice liability is GRANTED.

New Orleans, Louisiana this __15th__ day of April 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

---

[14]    R. Doc. 9, at 11.

8